# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSE ORLANDO GARCIA-DURAN, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV412-221 <br> CR410-100 |

# **ORDER**

Jose Orlando Garcia-Duran moves for 28 U.S.C. § 2255 relief. CR410-110, doc. 220.[1] He was convicted of stowing away in a vessel, 18 U.S.C. § 2199, illegal reentry into the United States, 8 U.S.C. § 1326(a), importing controlled substances, 21 U.S.C. §§ 960, 952, 851, possessing controlled substances with intent to distribute, *id.* §§ 851, 841(a)(1), and smuggling goods into the United States, 18 U.S.C. § 545. Doc. 175 at 1-2. On his unsuccessful appeal, he argued that (1) the district court abused its discretion by refusing to give a requested "duress" jury instruction, and

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

(2) there was a discrepancy in the oral and written judgments regarding the payment of his fine. *United States v. Garcia-Duran,* 453 F. App'x 950, 950 (11th Cir. 2012); doc. 216.

In the instant § 2255 motion he alleges that his CJA-appointed attorney, Robert N. Nye, III, ineffectively assisted[2] him by incompetently advising him about the government's plea offer. Nye, he claims, presented this offer:

> [P]lead guilty to two counts of the indictment Count 2 (Illegal Reentry) Count 4 (Importation of a Controlled Substance) of the original indictment. . . . The plea agreement would have left sentencing up to the discretion of the Court, which discretion would have been constrained only by the ten year mandatory minimum sentence (which was 10 years less than the minimum sentence applicable at trial[)].

Doc. 221 at 6. But, Duran insists, Nye failed to warn him that if he did not take that deal, the government would file a 21 U.S.C. § 851 Information to

---

[2] For ineffective assistance of counsel to provide a basis for federal habeas relief, movant must satisfy the two-part test from *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." *Id.* Duran thus must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky,* ___ U.S. ___, 130 S. Ct. 1473, 1485 (2010).

enhance his mandatory minimum sentence from 10 to 20 years. Doc. 221 at 5. "Had [Duran] been informed that his Mandatory minimum would double because of the [§] 851 enhancement that he was not informed of," Duran says, "he would have certainly accepted [that] plea [offer]." Doc. 227 at 2. Nye swears he warned Duran of the § 851 consequence. Doc. 225-1 at 3 ¶ 6. Duran also says Nye was ineffective for failing to raise two issues on appeal.[3]

## ANALYSIS

On the plea-offer issue Duran relies upon *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012),[4] which involved a failure to communicate a

---

[3] Here Duran faults Nye for failing to raise a claimed *Brady* violation on appeal. Doc. 220 at 5; doc. 221 at 7-11. The government insists this claim is baseless because the statement on which Duran relies did not even exist until over six months after his trial. Doc. 225 at 21-27. It argues the same about Duran's claim that the Government violated various rights by allowing a co-defendant to testify about untruths. Doc. 220 at 7-9; doc. 221 at 13-14; doc. 225 at 27-28. The Court will defer ruling on these claims because of the mootness possibility discussed below.

[4] *Frye* held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration; counsel's failure to do that satisfies the deficient performance prong of the *Strickland* standard. 132 S.Ct. at 1409. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability that: (a) he would have accepted the earlier plea offer had he been afforded effective assistance of counsel; and (b) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.*

3

plea offer for a lower sentence than the defendant actually received when he later pled guilty, plus its companion case, *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), which applied the Sixth Amendment right to effective assistance of counsel to the plea-bargaining context. *Id.* at 1390; *see also In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012); *Morrison v. United States*, 2012 WL 4711863 at * 2 (S.D. Ala. Oct. 3, 2012).

*Garcia-Duran* issued on January 31, 2012 and its mandate was entered on March 3, 2012. Doc. 216. The government does not argue that *Lafler* and *Frye* -- decided on March 21, 2012 -- are non-retroactive.[5] And, it concedes that the testimonial conflict over what Nye advised justifies an evidentiary hearing, though it suggests Duran may not be able to show prejudice.[6] Doc. 225 at 20.

---

[5] *See Perez*, 682 F.3d at 932 (*Frye* did not create a new constitutional right to be applied retroactively to cases on collateral review; it merely applied to defense counsel's obligation to competently advise a defendant of a plea offer); *Ortiz v. United States*, 2012 WL 5438938 at * 2 (E.D.N.Y. Nov. 7, 2012) (collecting non-retroactivity cases); *cf. Berry v. United States*, ___ F. Supp. 2d ___, 2012 WL 3329622 at * 7 (E.D. Va. Jul. 29, 2012) (*Frye* announced a new constitutional rule, but it is not retroactively applicable to cases on collateral review). For statute of limitations purposes, Duran had another 90 days before his conviction became final. *See Warren v. United States*, 2012 WL 5931673 at * 1 (S.D. Fla. Oct. 23, 2012).

[6] *See, e.g., State v. Martinez*, 291 Ga. 455, 456 (2012) (applying *Strickland* standard in concluding that defendant could not show the required prejudice, regardless of plea counsel's prior erroneous advice, because the trial court correctly informed the

In his reply brief Duran moves for appointment of counsel to represent him at that hearing. Doc. 227 at 2-3. Pursuant to 28 U.S.C. § 2255 Rule 8(c),[7] the motion is **GRANTED**. Under the *Strickland* standards set forth above in note 2, Duran has pleaded a claim that, if supported, could entitle him to the relief he seeks (vacate his conviction, compel the government to re-offer its plea bargain, doc. 220 at 13), thus mooting the other issues noted *supra*, n. 3. The Deputy Clerk shall arrange for the appointment of counsel and an evidentiary hearing.

**SO ORDERED** this 14th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

defendant of the immigration consequences of his guilty plea to aggravated battery).

[7] This is required where the movant, as does Duran here, qualifies for appointment of counsel under 18 U.S.C. § 3006A -- he qualified for appointed counsel at the inception of this case. *See Nguyen v. United States*, 2012 WL 3535743 at * 1 (11th Cir. Aug. 16, 2012) (directing district court to appoint counsel for § 2255 movant, then resolve ineffective-assistance claim during required evidentiary hearing).